# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARKER,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHBURN, et al.,<br><br>            Defendants. | Case No.  1:21-cv-01169-NONE-SAB<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 8) |

Anthony Barker ("Plaintiff"), a detainee at the Kings County Jail proceeding *pro se* and *in forma pauperis* in this matter, initiated this civil rights action on August 2, 2021. (ECF No. 1.) On September 7, 2021, Plaintiff filed a motion to appoint counsel. (ECF No. 8.) For the reasons stated herein, Plaintiff's motion shall be denied.

## I.

## LEGAL STANDARD

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (1998), and district courts lack authority to require counsel to represent indigent prisoners in § 1983

1

pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court, 490 U.S. 296, 298, 301–03 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). See 28 U.S.C. § 1915(e)(1); Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the Court must consider Plaintiff's likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). "Neither of these considerations is dispositive and instead must be viewed together." Id. (district court did not abuse discretion in declining to appoint counsel where plaintiff "was well-organized, made clear points, and presented the evidence effectively"); see also Wood, 900 F.2d at 1335–36 (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading). The burden of demonstrating exceptional circumstances is on the plaintiff. *Palmer*, 560 F.3d at 970.

## II.

## DISCUSSION

Here, Plaintiff requests the appointment of counsel on the basis that he is indigent with limited resources or supplies as his own advocate and requires an attorney to assist him in his excessive force case. (ECF No. 8.) The Court finds Plaintiff does not establish the existence of the required exceptional circumstances.

Circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. See Wood, 900 F.2d at 1335–36; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff has not

identified any exceptional circumstances that would weigh in favor of appointing counsel; Plaintiff's sole argument that he requires the appointment of counsel because he is indigent is insufficient. Finally, because of the early stage of the litigation, the Court cannot yet determine that Plaintiff has established he is likely to succeed on the merits of his excessive force claim. Further, the legal issues in this case do not appear to be particularly complex, and it appears that Plaintiff can adequately articulate his claims *pro se*.

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 8) shall be denied, without prejudice.

### III.

### CONCLUSION AND ORDER

For the forgoing reasons, the Court finds Plaintiff has not established exceptional circumstances warranting appointment of counsel at this time. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated:   **November 19, 2021**

UNITED STATES MAGISTRATE JUDGE