# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARKER,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHBURN, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01169-NONE-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

Anthony Barker ("Plaintiff"), a detainee at the Kings County Jail proceeding *pro se* and *in forma pauperis* in this matter, initiated this civil rights action on August 2, 2021. (ECF No. 1.) Plaintiff alleges claims pursuant to 28 U.S.C. § 1983 against Defendants Washburn and Josh Chavez ("Defendants"). The complaint is now before this Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]
2  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3      A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally
8  participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
9  2002).

10      In reviewing a *pro se* complaint, the Court is to liberally construe the pleadings and accept
11  as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94
12  (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v. Pliler,
13  627 F.3d 338, 342 (9th Cir. 2010)) ("where the petitioner is *pro se*, particularly in civil rights cases,
14  [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any
15  doubt."); United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle
16  that *pro se* filings however inartfully pleaded are held to less stringent standards than formal
17  pleadings drafted by lawyers.") (citations and internal quotations omitted).

18      To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
19  factual detail to allow the Court to reasonably infer that each named defendant is liable for the
20  misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969
21  (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and
22  "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the
23  plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

26      The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the
27  *sua sponte* screening requirement under 28 U.S.C. § 1915.

28      Plaintiff alleges he was apprehended and arrested by officers of the Sherriff's Department

of Lemoore on May 11, 2021, for unspecified reasons. (ECF No. 1 at 3.) At the time of arrest, Plaintiff was in a "small cramped place" and requested assistance from the officers to get out of the space. (Id.) Instead, Defendant Chavez, a Hanford Police Department Officer, and other unidentified Lemoore Sherriff's Department officers grabbed Plaintiff, pulled him down from the "cramped place" he was in, and threw him to the floor. (Id. at 3–4.) After that, Defendant Senior Officer Washburn, a K9 handler for the Lemoore Police Department, released his dog on Plaintiff while Chavez held Plaintiff down on the ground. (Id. at 2–4.) The dog locked onto Plaintiff's leg, taking bites out of his calf and shin and tearing into Plaintiff's tendons. (Id. at 2–3.) Plaintiff alleges he was already detained/apprehended at the time the dog was unleashed on him, but Chavez did not tell Washburn to call off the dog. (Id. at 3–4.) Instead, Chavez allegedly pushed his knee into Plaintiff's back and neck area, making it hard to breath, and "almost [broke Plaintiff's] arm." (Id. at 4.)

As a result, Plaintiff claims he continues to suffer sharp pains in his arm throughout the day and his bitten leg frequently goes numb and goes to sleep, making it unbearable at times to walk and get through the day. (Id. at 3.) Plaintiff claims Defendants Chavez and Washburn used excessive force against him during the arrest, in violation of the Eighth and Ninth Amendments, and seeks damages for his injuries. (Id. at 3–4, 6.)

## III.

## DISCUSSION

### A. Linking Requirement

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of

3

Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

**B.  Excessive Force**

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." Plumhoff v. Rickard, 572 U.S. 765, 774 (2014); Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original); see also Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396.  Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396 (citing Johnson *v.* Glick, 481 F. 2d 1028, 1033 (2nd Cir. 1973)).  Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97; see also Ames v. King County, 846 F.3d 340, 348 (9th Cir. 2017).  Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011).

The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham v. Connor.  See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010)).  First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.'" Id.  Second, the Court must evaluate the government's interest "by

assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion . . . to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citing Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002)).

### C. Plaintiff's Eighth Amendment Claim

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Thus, a claim of excessive force in the context of an arrest, as here, implicates the Fourth Amendment right to be free from "unreasonable . . . seizures," not the Eighth Amendment. U.S. Const. amend. IV; see Graham, 490 U.S. at 394; see also Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

Plaintiff asserts an excessive force claim solely under the Eighth Amendment. Based on the aforementioned authorities, Plaintiff fails to state a claim for excessive force under the Eighth Amendment.

### D. Plaintiff's Ninth Amendment Claim

Plaintiff also alleges excessive force in violation of the Ninth Amendment. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] . . . the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Id. (internal quotations and citations omitted). Thus, "[c]auses of action based on the Ninth

Amendment fail to state a legal claim." Williams v. Fresno Cty. Dep't of Soc. Servs., No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. Jul. 19, 2021) (citing Ralls v. Facebook, 221 F. Supp. 3d 1237, 1245 (W.D. Wash. 2016)).

Accordingly, Plaintiff fails to state a claim pursuant to the Ninth Amendment.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to state a cognizable claim and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order faith. Lopez, 203 F.3d at 1127. Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

///

///

    4.    If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **November 19, 2021**

UNITED STATES MAGISTRATE JUDGE