# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARKER,<br><br>          Plaintiff,<br><br>     v.<br><br>WASHBURN, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01169-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE/OBEY A COURT ORDER<br><br>(ECF Nos. 1, 11)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**BACKGROUND**

Anthony Barker ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's complaint was screened and it was determined that Plaintiff failed to state a cognizable claim. An order issued on November 19, 2021, providing Plaintiff with thirty days in which to file an amended complaint. (ECF No. 11.) In the November 19, 2021 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order. (Id. at 7.) More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the November 19, 2021 order. For the following reasons,

1

the Court shall recommend the action be dismissed for failure to state a claim and failure to prosecute/obey a Court order.

## II.

## DISCUSSION

### A.     Failure to State a Claim

#### 1.     Plaintiff's Allegations

Plaintiff's original complaint attempts to assert causes of action for excessive force in violation of the Eighth and Ninth Amendments. (ECF No. 1.) Plaintiff alleges he was apprehended and arrested by officers of the Sherriff's Department of Lemoore on May 11, 2021, for unspecified reasons. (Id. at 3.) At the time of arrest, Plaintiff was in a "small cramped place" and requested assistance from the officers to get out of the space. (Id.) Instead, Defendant Chavez, a Hanford Police Department Officer, and other unidentified Lemoore Sherriff's Department officers grabbed Plaintiff, pulled him down from the "cramped place" he was in, and threw him to the floor. (Id. at 3–4.) After that, Defendant Senior Officer Washburn, a K9 handler for the Lemoore Police Department, released his dog on Plaintiff while Chavez held Plaintiff down on the ground. (Id. at 2–4.) The dog locked onto Plaintiff's leg, taking bites out of his calf and shin and tearing into Plaintiff's tendons. (Id. at 2–3.) Plaintiff alleges he was already detained/apprehended at the time the dog was unleashed on him, but Chavez did not tell Washburn to call off the dog. (Id. at 3–4.) Instead, Chavez allegedly pushed his knee into Plaintiff's back and neck area, making it hard to breath, and "almost [broke Plaintiff's] arm." (Id. at 4.)

As a result, Plaintiff claims he continues to suffer sharp pains in his arm throughout the day and his bitten leg frequently goes numb and goes to sleep, making it unbearable at times to walk and get through the day, and seeks damages for his injuries. (Id. at 3–4, 6.)

#### 2.     Analysis

The Complaint purports to assert two causes of action for excessive force, (1) under the Eighth Amendment, and (2) under the Ninth Amendment. For the reasons that follow, Plaintiff fails to state a claim under either amendment.

      **a.**     **Plaintiff's Eighth Amendment Claim**

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Thus, a claim of excessive force in the context of an arrest, as here, implicates the Fourth Amendment right to be free from "unreasonable . . . seizures," not the Eighth Amendment. U.S. Const. amend. IV; see Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . .") (emphasis in original); see also Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

Plaintiff asserts an excessive force claim solely under the Eighth Amendment. Based on the aforementioned authorities, however, Plaintiff fails to state a claim for excessive force under the Eighth Amendment.

      **b.**     **Plaintiff's Ninth Amendment Claim**

Plaintiff also alleges excessive force in violation of the Ninth Amendment. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] . . . the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Id. (internal quotations and citations omitted). Thus, "[c]auses of action based on the Ninth Amendment fail to state a legal claim." Williams v. Fresno Cty. Dep't of Soc. Servs., No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. Jul. 19, 2021) (citing Ralls v. Facebook, 221 F. Supp. 3d 1237, 1245 (W.D. Wash. 2016)). In light of the aforementioned

1 authorities, the Court finds Plaintiff fails to state a claim pursuant to the Ninth Amendment.

2       3.      <u>Recommendation</u>

3 For the foregoing reasons, the Court finds Plaintiff fails to state a claim under either the Eighth or Ninth Amendment. In its November 19, 2021 screening order, the Court provided Plaintiff the applicable legal standards and gave Plaintiff an opportunity to amend his complaint to cure the identified pleading deficiencies. (<u>See</u> ECF No. 11 at 6.) Plaintiff's failure to file an amended complaint, despite being given the opportunity to do so, demonstrates an inability or unwillingness to cure the identified pleading defects. Accordingly, the Court recommends that the complaint be dismissed, without prejudice.

10       **B.**      **Failure to Prosecute/Obey a Court Order**

11 Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. L.A. Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 404 (9th Cir. 2010).

19 A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, e.g., <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district

court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of November 19, 2021. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;

Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's November 19, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 11 at 7.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.  His noncompliance warrants dismissal.

### III.

### CONCLUSION AND RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to state a claim and failure to prosecute/comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 22, 2021**

UNITED STATES MAGISTRATE JUDGE