# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BARKER,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW WASHBURN, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01169-JLT-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF No. 30) |

**I.**

**INTRODUCTION**

Currently before the Court is the parties' joint stipulation to continue the scheduling order deadlines, which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 30.) The first amended complaint in this action was filed on February 2, 2022. (ECF No. 17.) A scheduling order for this matter was issued on September 14, 2022. (ECF No. 29.) The scheduling order contains the following dates and deadlines:

1.  Non-Expert Discovery Deadline: **October 27, 2023**;

2.  Expert Disclosure Deadline: **December 1, 2023**;

3.  Supplemental Expert Disclosure Deadline: **January 19, 2024;**

4.  Expert Discovery Deadline: **March 1, 2024**;

1

1. 5.   Dispositive Motion Filing Deadline: **April 26, 2024**;

2. 6.   Pretrial Conference: **June 21, 2024,** at **1:30 p.m.**, in **Courtroom 4**; and

3. 7.   Trial: **October 7, 2024**, at **8:30 a.m.**, in **Courtroom 4**.

(Id.) This is the parties' first request to modify the scheduling order.

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather

1  than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d
2  1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable"
3  because "a request for an extension acknowledges the importance of a deadline, [while] a
4  retroactive request suggests that the party paid no attention at all to the deadline." Id. When
5  ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to
6  "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed,
7  3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent
8  in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the
9  need for additional discovery in light of the time allowed for discovery by the district court, and
10 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N.
11 Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

**III.**

**DISCUSSION**

14      On November 15, 2023, the parties filed a stipulation to modify the scheduling order as
15 follows: extend (1) non-expert discovery deadline from October 27, 2023 to January 12, 2024; (2)
16 initial expert disclosure deadline from December 1, 2023 to February 16, 2024; (3) supplemental
17 expert disclosures from January 19, 2024 to March 15, 2024; (4) expert discovery deadline from
18 March 1, 2024 to April 12, 2024; and (5) dispositive motion filing deadline from April 26, 2024
19 to May 17, 2024. (ECF No. 30 at 4.) The parties are not requesting any modification to the June
20 21, 2024 pretrial conference or October 7, 2024 trial date.

21      The parties contend that they have diligently engaged in discovery in the instant action.
22 (Id. at 3.) The parties represent Defendants took Plaintiff's deposition on September 5, 2023,
23 following his release from incarceration; however, Plaintiff has yet to take the named officers'
24 depositions or that of the "person most knowledge[eable] from the defendant's agency
25 responsible for investigation and other assisting agencies." (Id.) During the written discovery
26 process, Plaintiff learned that agencies other than the Defendant agency have access to and
27 ownership of relevant documents and information. (Id.) Acknowledging the nonexpert discovery
28 deadline expired on October 27, 2023, the parties proffer that "immediately prior to the close of

the non-expert discovery deadline, parties' counsel were unavailable for participation in discovery due to multiple losses in both families." (Id.) The parties contend they wish to later participate in a meaningful mediation but will be unable to without the ability to engage in the remaining discovery. (Id.) The parties assert that a continuance of all dates other than the pretrial conference and trial date is necessary to finalize critical discovery, to ensure that all the parties' experts have all necessary information and deposition transcripts and records prior to preparing their reports, and to allow the parties time to file any applicable motions. (Id. at 4.)

**A.     The Court Denies the Parties' Stipulation to Reopen Non-Expert Discovery**

The non-expert discovery deadline expired on October 27, 2023. (ECF No. 29.) On November 15, 2023, the parties filed the instant stipulated motion to extend non-expert discovery until January 12, 2024. (ECF No. 30.) The parties are therefore requesting that the Court sanction the parties' "retroactive reopening" of non-expert discovery to allow, in part, Plaintiff to depose the named defendants and other individuals and obtain records and documents from third party agencies. West Coast Theater Corp., 897 F.2d at 1524 (noting a "considerable" difference between a motion to retroactively reopen discovery and a request to extend the discovery deadline). As expressly stated in the scheduling order on September 14, 2022, "discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel." (ECF No. 29 at 3.) Upon consideration of the legal standards and the parties' proffered reasons for good cause, the Court finds the parties have not been diligent and will not grant the parties' motion to reopen non-expert discovery.

"Good cause" means scheduling deadlines cannot be met despite the party's diligence. Mammoth Recreations, Inc., 975 F.2d at 609. The parties have not demonstrated that even with the exercise of due diligence, they could not meet the requirements of the scheduling order. The Court notes the scarce timeline and lack of specificity in the parties' stipulation. The parties represent they conducted written discovery during an unspecified timeframe wherein Plaintiff learned relevant information about the Defendant officers and that "different agencies other than the named defendants have access and ownership of relevant documents, materials, video footage,

4

and other information." (ECF No. 30 at 3.) The only date provided by the parties was the September 5, 2023 deposition of Plaintiff by Defendants. (Id.) Plaintiff proffers he has not taken the depositions of the two named Defendants nor the person most knowledgeable from the Defendant agency. (Id.) Further, and most critically, the parties only vaguely proffer that "immediately prior" to October 27, 2023, counsel for both parties were unavailable due to multiple losses in both families. (Id.) While the Court is sympathetic to both parties' counsel's personal losses "immediately prior" to October 27, 2023, the Court cannot find the non-expert discovery deadline could not have been met despite the parties' diligence given the scarce information provided and lack of specificity.

While this is a stipulated motion and there is no demonstration of prejudice to any party, the moving parties have not demonstrated diligence in adhering to the guidelines established by the Court in the September 14, 2022 scheduling order. See City of Pomona, 866 F.3d at 1066. Further, although there may be additional relevant discovery to be uncovered, especially given the fact that Plaintiff has yet to take *any* depositions, the foreseeability of the need for such admittedly "critical discovery" was clearly present at earlier points in this litigation, namely on September 6, 2022 in the parties' discovery plan detailed in the joint scheduling report. (ECF No. 27.) See City of Pomona, 866 F.3d at 1066. Plaintiff fails to specify when he learned other agencies possessed or owned relevant documents from written discovery, thus the Court cannot determine on these facts whether Plaintiff "was diligent in obtaining discovery within the guidelines established by the court." [1] (Id.) The Court finds the lack of diligence in failing to move the Court at an earlier date leads the Court to conclude the parties' stipulated motion to reopen fact discovery and modify the scheduling order is not supported by good cause.

The Court notes that the parties may agree to conduct non-expert discovery after the October 27, 2023 deadline, especially given the parties' representations they "are continuing to

---

[1] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005) (superseded on other grounds by statute).

diligently work together" and both agree they would be "unable to participate in a meaningful mediation without the aforementioned discovery." (ECF No. 30 at 3.)  Should the parties agree to engage in non-expert discovery after October 27, 2023, they must do so without judicial enforcement, as any motion to compel or other non-expert discovery motion made to the Court "may result in denial of the motion as untimely."  (See ECF 29 at 3.)  Accordingly, the Court denies the parties' stipulated motion to reopen non-expert discovery.

### B. The Court Grants the Parties' Stipulation to Extend the Expert Deadlines

The parties proffer that they have agreed to extend the following deadlines related to expert disclosure and discovery: initial expert disclosure deadline from December 1, 2023 to February 16, 2024; supplemental expert disclosures from January 19, 2024 to March 15, 2024; and expert discovery deadline from March 1, 2024 to April 12, 2024.  (ECF No. 30 at 4.)

In the Court's September 14, 2022, scheduling order, the Court noted that:

> **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

(ECF No. 29 at 7 (emphasis in original).)  The Court recognizes the parties' pleading deficiencies in their failure to file an affidavit, declaration, or other appropriate exhibit that establishes good cause for granting the modification; however, in the interest of expediency, preserving court resources, and given the timely agreement of the parties, the Court finds good cause to modify the scheduling order and extend the three expert deadlines as stipulated by the parties.

### C. The Court Denies the Stipulation to Extend the Dipositive Motion Deadline

The parties stipulate they agree to modify the dispositive motion filing deadline from April 26, 2024 to May 17, 2024.  (ECF No. 30.)  However, given the pretrial conference is set for June 21, 2024, the requested modification would only allow the District Judge, whose schedule is extremely impacted, five weeks to review and issue a ruling on any potential dispositive motions filed by the parties.  Such a shortened timeframe would cause undue burden on the District Judge.

1  The Court finds the current April 24, 2024 dispositive motion filing deadline is sufficient time for the parties to "finalize critical discovery, to ensure that all the Parties' experts have all necessary information and deposition transcripts and records prior to preparing their reports, and to allow the Parties time to file any applicable motions." (Id.)  Accordingly, the Court denies the parties' motion to modify the dispositive motion deadline.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to reopen non-expert discovery is DENIED;
2. The parties' stipulation to modify the scheduling order as to the expert deadlines is GRANTED, and the scheduling order is modified as follows:
   a. Expert Disclosure Deadline: **February 16, 2024**;
   b. Supplemental Expert Disclosure Deadline: **March 15, 2024;**
   c. Expert Discovery Deadline: **April 12, 2024**;
3. The parties' stipulation to modify the dispositive motion deadline is DENIED; and
4. All other aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated:  **November 17, 2023**              _____
                                            UNITED STATES MAGISTRATE JUDGE